```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ALLISON NORTON,                                                        :
                                                                       :
                            Plaintiff,                                 :
                                                                       :    25 Civ. 8697 (JPC)
            -v-                                                        :
                                                                       :         ORDER
SPLITIT CONSUMER FUNDING LLC and SPLITIT                               :
USA INC.,                                                              :
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff filed her Complaint on October 21, 2025, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. § 1332.  Dkt. 1 ¶ 13. According to the Complaint, Plaintiff "is a resident of New Jersey." *Id.* ¶ 15.  The Complaint further alleges that "Defendant Splitit Consumer Funding LLC is incorporated in the State of Delaware with a [principal] place of business in Atlanta, Georgia." *Id.* ¶ 16.  But the Complaint does not allege the citizenship of Defendant Splitit USA Inc.

Domicile, not residency, determines an individual's citizenship for purposes of diversity jurisdiction.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *accord Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship . . . .").  Here, Plaintiff alleges only where she is a resident, not where she is domiciled.

A limited liability company ("LLC") takes the citizenship of its members.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Brady v. IGS Realty Co.*, No. 19 Civ. 10142 (PAE), 2020 WL 5414683, at *10 (S.D.N.Y. Sept. 8, 2020).  And "[f]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and

1

the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  A complaint premised upon diversity of citizenship must therefore allege the citizenship of natural persons who are members of an LLC as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC or otherwise parties to the case.  *See Handelsman*, 213 F.3d at 51-52; *see, e.g.*, *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010).  Here, the Complaint alleges only that Defendant Splitit Consumer Funding LLC is incorporated in Delaware with a principal place of business in Georgia. It does not, however, allege the states of citizenship or the citizenship of any of the LLC's members; nor does it allege the citizenship of Defendant Splitit USA Inc.

Accordingly, no later than October 29, 2025, Plaintiff shall amend her Complaint to allege her state of domicile, the citizenship of each of Defendant Splitit Consumer Funding LLC's members, and the citizenship of Defendant Splitit USA Inc.[1]  If Plaintiff fails to amend her Complaint by that date, or otherwise properly establish this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: October 22, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] Additionally, under Federal Rule of Civil Procedure 7.1(a)(2), "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must . . . file a disclosure statement . . . [that] name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor."